IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

PERRY L. COLTER,

    Petitioner,

v.                             Civil Action No. 1:05CV15
                                      (STAMP)
KEVIN WENDT, Warden,

    Respondent.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING REPORT AND
## RECOMMENDATION OF MAGISTRATE JUDGE

On January 26, 2005, _pro se_ petitioner, Perry L. Coulter, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The Court referred the motion to United States Magistrate Judge John S. Kaull for submission of proposed findings of fact and recommendation pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). The case was assigned to the undersigned judge on April 4, 2005.

On June 23, 2005, the magistrate judge entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation. The petitioner filed timely objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is made. As to those portions of a recommendation to which no objection is made, a magistrate

judge's findings and recommendation will be upheld unless they are "clearly erroneous." Because objections have been filed, this Court has made an independent de novo consideration of all matters now before it, and is of the opinion that the magistrate judge's report and recommendation should be affirmed and adopted in its entirety.

In his § 2241 petition, petitioner contends that the Federal Bureau of Prisons ("BOP") miscalculated his good conduct time ("GCT"). He asserts that the BOP is calculating his GCT on the basis of time served rather than the sentence imposed, and the use of this method provides 47 days of GCT each year, rather than 54 days.

In his report, the magistrate judge first concluded that the petitioner exhausted his administrative remedies. Further, after reviewing the record, the magistrate judge concluded that the BOP properly calculated the petitioner's GCT. The magistrate judge noted that the Fourth Circuit has held that the BOP properly interpreted 18 U.S.C. § 3624(b) to award 54 days of GCT for each year of time served, rather than the sentence imposed, and to prorate the amount of GCT for the last partial year. See Yi v. Federal Bureau of Prisons, 2005 U.S. App. LEXIS 11563 (4th Cir. June 17, 2005); see also 28 C.F.R. § 523.20. The Fourth Circuit found that while the GCT statute is ambiguous, the BOP reasonably interpreted the statute.

2

Based on this analysis, the magistrate judge concluded that the BOP correctly calculated the petitioner's sentence and the petitioner is not entitled to relief. Thus, he recommended that the § 2241 petition be denied.

The petitioner objects on the grounds that the BOP's interpretation is contrary to Congressional intent and fails to apply the plain meaning of the language used in the statute. This argument must fail because this Court is guided by the decision of the Fourth Circuit that the BOP's interpretation is appropriate.

This Court finds that the magistrate judge's conclusions were correct and the petitioner's objections are without merit. Accordingly, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. For the reasons stated above, petitioner's § 2241 petition is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within 30 days after the date of the entry of the judgment order. Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of Appellate Procedure 22(b)(1). If this Court should deny a certification, the petitioner may request a circuit judge of the

United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    July 11, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE